

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

D'ANGELO LEE
PETITIONER

U.S.D.C. CASE # 3:07-CR-289-M

UNITED STATES OF AMERICA
RESPONDENT

RULE 33 MOTION AND MEMORANDUM IN SUPPORT OF A MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE, IN THE "INTEREST OF JUSTICE" TO AVOID A "MANIFEST INJUSTICE" AND A COMPLETE "MISCARRIAGE OF JUSTICE"

MAY IT PLEASE THE COURT:

I. PROCEDURAL BACKGROUND:
ON SEPTEMBER 27, 2007 THE PETITIONER ALONG WITH FOURTEEN OTHER DEFENDANTS WERE INDICTED BY A FEDERAL GRAND JURY ON CHARGES RELATED TO PUBLIC CORRUPTION WITH THE CITY (HALL) OF DALLAS. ON OCTOBER 5, 2009 THE JURY CONVICTED THE PETITIONER ALONG WITH FOUR OTHER DEFENDANTS. ON AUGUST 2, 2013, THE U.S. COURT OF APPEALS FOR THE FIFTH CIRCUIT AFFIRMED THE PETITIONER'S CONVICTION AND SENTENCE.

II. NEWLY DISCOVERED EVIDENCE REGARDING THE GOVERNMENT'S "SCHEME OF DECEPTION" (VICTOR VITAL'S CROSS EXAMINATION: VOL. 36 PAGES 113-120).
THE PETITIONER RECEIVED A COPY OF DEFENDANT'S DARREN L. REAGAN "PRO SE" 28 U.S.C. SECTION 2255 AMENDED MOTION AND BRIEF IN SUPPORT AND AFFIDAVITS. SEE U.S.D.C CASE # 3:14-CV-3420-M. THE GOVERNMENT FILED AN ANSWER AND REAGAN FILED A TRAVERSE/RESPONSE TO THE GOVERNMENT'S REPLY.

AS DEFENDANT REAGAN CONTINUED CONDUCTING HIS LEGAL RESEARCH AND DUE DILIGENCE WITH THE ASSISTANCE OF HIS FAMILY MEMBERS AND SUPPORTERS, WHO WERE ABLE TO LOCATE AND MAIL ADDITIONAL CASE RELATED DOCUMENTS TO REAGAN, WHICH WERE PREVIOUSLY IN THE POSSESSION OF TED STEINKE HIS FORMER TRIAL ATTORNEY. PARTICULARLY, EXHIBITS THAT WERE INTRODUCED INTO EVIDENCE BY THE GOVERNMENT, INCLUDING BUT NOT LIMITED TO, COPIES OF CORRESPONDENCES AND CONTRACTS RELATED TO THE HOMES OF PECAN GROVE, THE DALLAS WEST VILLAGE, THE BLACK STATE EMPLOYEES ASSOCIATION OF TEXAS, INC. (BSEAT) AND FISHER RELATED COMPANIES.

REAGAN UNCOVERED AND FILED EXHIBITS WITH THE COURT THAT REVEALED AND PROVIDED INDISPUTABLE AND UNDENIABLE EVIDENCE THAT THE GOVERNMENT ENGAGED IN "UNETHICAL CONDUCT", "GROTESQUE PROSECUTORIAL MISCONDUCT" BY HAVING VERY "RELIABLE INTELLIGENCE" (WIRE INTERCEPTS, TEL/CELL PH. RECORDS, AUDIO AND VIDEO RECORDINGS, SURVEILLANCE TEAM DAILY LOGS, ETC. ALL DOCUMENTING REAGAN'S DAILY COMMUNICATIONS AND INTERACTIONS WITH JAMES MURPHY, JOHN CARNEY AND WILLIAM RAVKIND) AND DIRECT KNOWLEDGE REGARDING MURPHY'S "UNETHICAL CONDUCT" (DUAL "SIMULTANEOUS" LEGAL REPRESENTATION OF REAGAN AND FISHER) DURING THE "INITIAL" AND "CRITICAL STAGES" (LATE DECEMBER 2004-LATE JANUARY 2005) OF THE CRIMINAL INVESTIGATION.

THE RECORD ON APPEAL ("ROA") REVEALS, FBI SPECIAL AGENTS ALLEN WILSON AND DON SHERMAN TESTIFIED AS TO WHEN THE GOVERNMENT DECIDED TO GO UP ON WIRE INTERCEPTS AND WHEN THEY BELIEVED FISHER WAS A VICTIM OF EXTORTION (LATE DECEMBER 2004-LATE JANUARY 2005). THE "ROA" CONFIRMS THE GOVERNMENT'S DIRECT KNOWLEDGE AND INVOLVEMENT REGARDING MURPHY'S DIRECT INVOLVEMENT WITH THE BSEAT-FISHER CONTRACT DISPUTE RELATED TO THE BOND CLOSING OF THE HOMES OF PECAN GROVE. PARTICULARLY, ACCORDING TO AUSA MARCHUS BUSCH CROSS EXAMINATION OF FISHER. SEE REAGAN'S AFFIDAVIT DATED OCTOBER 13, 2015. THIS IS THE SAME MURPHY WHO REPRESENTED FISHER AND CARNEY CRIMINAL CASE ON APPEAL AND WAS REPRESENTING FISHER IN THE CIVIL LITIGATION VS. THE GOVERNMENT

DURING THE CRIMINAL INVESTIGATION. ALSO, SEE REAGAN'S AFFIDAVITS FILED WITH THE COURT DATED SEPTEMBER 8, 2015, SEPTEMBER 10, 2015, THE TRAVERSE/RESPONSE TO THE GOVERNMENT'S MOTION DATED OCTOBER 15, 2015, REAGAN'S RENEWED MOTION TO COMPEL DISCOVERY AND DISCLOSURE DATED DECEMBER 7, 2015 AND REAGAN'S MOTION DATED DECEMBER 14, 2015.

III. GOVERNING LAW.
A. FUNDAMENTAL GUIDING PRINCIPLES CONCERNING "UNETHICAL CONDUCT" OF FEDERAL PROSECUTORS AND TRIAL ATTORNEYS.
THE FIFTH CIRCUIT HAS CONSISTENTLY STATED, "(F)AIR PLAY...IS THE ESSENCE OF DUE PROCESS. "GALVAN V. PRESS, 347 U.S. 522, 530, 74 S. CT. 737, 98 L. ED. 911 (1954). SUCH FAIR PLAY INCLUDES "THE DEEP-ROOTED FEELING THAT THE POLICE MUST OBEY THE LAW WHILE ENFORCING THE LAW; THAT IN THE END LIFE AND LIBERTY CAN BE AS MUCH ENDANGERED FROM ILLEGAL METHODS USED TO CONVICT THOSE THOUGHT TO BE CRIMINALS AS FROM THE ACTUAL CRIMINALS THEMSELVES." SPANO V. NEW, 360 U.S. 315, 320-32, 79 S. CT. 1202, 3 L. ED. 2D 1265 (9159). THIS DEEP-ROOTED FEELING EXTENDS EVEN DEEPER WHERE PROSECUTORS ARE CONCERNED, GIVEN THEIR STATUS AS OFFICERS OF THE COURT BOUND TO SPECIAL RULES OF PROFESSIONAL CONDUCT. ADDRESSING THE SPECIAL OBLIGATIONS OWED BY FEDERAL PROSECUTORS, IN UNITED STATES V. LOPEZ-AVILLA, 678 F.3D 955 (9TH CIR. 2012), THE NINTH CIRCUIT COURT OF APPEALS RECENTLY EXPLAINED: THE DEPARTMENT OF JUSTICE HAS AN OBLIGATION TO ITS LAWYERS AND TO THE PUBLIC TO PREVENT PROSECUTORIAL MISCONDUCT. PROSECUTORS, AS SERVANTS OF THE LAW, ARE SUBJECT TO CONSTRAINTS AND RESPONSIBILITIES THAT DO NOT APPLY TO OTHER LAWYERS; THEY MUST SERVE TRUTH AND JUSTICE FIRST, UNITED STATES V. KOJAYAN, 8 F.3D 1315, 1323 (9TH CIR. 1993). THEIR JOB IS NOT JUST TO WIN, BUT TO WIN FAIRLY, STAYING WITHIN THE RULES. BERGER, 295 U.S. AT 88, 55 S. CT. 629***WHEN A PROSECUTOR STEPS OF THE BOUNDARIES OF PROPER CONDUCT AND INTO UNETHICAL TERRITORY, THE GOVERNMENT HAS A DUTY TO OWN UP TO IT AND GIVE ASSURANCES THAT IS WILL NOT HAPPEN AGAIN.ID. AT 964-65.

THE FIFTH CIRCUIT HAS ALSO EXPLAINED, "AN ATTORNEY'S OBLIGATION TO BRING UNETHICAL VIOLATIONS TO THE ATTENTION OF THE COURT. 531 F.2D 262, 265 (5TH CIR. 1976) ("WHEN AN ATTORNEY DISCOVERS A POSSIBLE ETHICAL VIOLATION CONCERNING A MATTER BEFORE THE COURT, HE IS NOT ONLY AUTHORIZED BUT IS IN FACT OBLIGATED TO BRING THE PROBLEM TO THAT COURT'S ATTENTION.") (CITING ESTATES THEATRES, INC. V. COLUMBIA PICTURES INDUS., 345 F. SUPP. 93, 98 (S.D.N.Y. 1972)). THE SECOND CASE IS IN RE AMERICAN AIRLINES, INC. AFFIRMS THE FIFTH CIRCUIT'S COMMITMENT TO THE IDEA THAT THE DISTRICT COURT SHOULD AGGRESSIVELY INTERVENE TO ADJUDICATE ALLEGATIONS OF ETHICAL IMPROPRIETY.

B. LAWS GOVERNING MOTIONS FOR NEW TRIAL.
RULE 33 OF FEDERAL RULES OF CRIMINAL PROCEDURES STATES: A DISTRICT COURT IS AUTHORIZED TO GRANT A NEW TRIAL ON THE BASIS OF NEWLY DISCOVERED EVIDENCE IF A MOTION FOR NEW TRIAL IS FILED WITHIN THREE YEARS OF THE VERDICT. THE NEWLY DISCOVERED EVIDENCE MUST SATISFY A FIVE PART-TEST.

THE FIFTH CIRCUIT EXPLAINED THAT "(A) DISTRICT COURT MAY GRANT A NEW TRIAL WHERE IS FINDS THAT A MISCARRIAGE OF JUSTICE MAY HAVE OCCURRED AT TRIAL, OR "OTHER GROUNDS," WHERE THE "INTEREST OF JUSTICE SO REQUIRES. PARTICULARLY, WHERE IN THE EXTRAORDINARY CIRCUMSTANCES WHERE THE EVIDENCE PREPONDERATES HEAVILY AGAINST THE VERDICT."

THE FIFTH CIRCUIT ALSO HAD AN OPPORTUNITY TO ADDRESS RULE 33 IN A 2004 DECISION, UNITED STATES V. SCROGGINS. IN SCROGGINS, THE FIFTH CIRCUIT VACATED THE DISTRICT COURT'S DENIAL OF DEFENDANT'S RULE 33 MOTION BECAUSE "THE DISTRICT COURT ERRED IN LIMITING ITS ANALYSIS OF THE MOTION...TO NEWLY DISCOVERED EVIDENCE WHILE NOT CONSIDERING THE PRIMARY BASIS FOR SCROGGIN'S MOTION-THE INTEREST OF JUSTICE.""IN REMANDING THE CASE TO THE DISTRICT COURT FOR FURTHER ANALYSIS ON WHETHER THE "INTEREST OF JUSTICE" WARRANTED A NEW TRIAL. THE FIFTH CIRCUIT EXPLAINED THAT "(A) DISTRICT COURT MAY GRANT A NEW TRIAL WHERE IS 'FINDS THAT A MISCARRIAGE OF JUSTICE MAY HAVE OCCURRED AT TRIAL. THE COURT FURTHER ADVISED THAT "THE DISTRICT COURT'S DISCRETION TO GRANT A NEW TRIAL, ALTHOUGH BROAD, IS NOT WITHOUT BOUNDS." THE FIFTH CIRCUIT NOTED WRIGHT AND MILLER'S INSTRUCTION THAT "(T)HE COURT HAS DISCRETION IN PASSING ON THE (NEW TRIAL) MOTION, BT IT SHOULD HOLD IN MIND THE HARMLESS AND PLAIN ERROR PROVISIONS OF RULE 52, AND REFUSE TO GRANT A NEW TRIAL IF THE SUBSTANTIAL RIGHTS OF THE DEFENDANT WERE NOT AFFECTED." UNITED STATES V. SCROGGINS, 379 F.3D 233 (5TH CIR. 2004), VACATED ON OTHER GROUNDS, 543 U.S. 1112, 125 S. CT. 1874, UNITED STATES V. WALL, 389 F.3D 457, 367 (5TH CIR. 2004). SEE ALSO U.S. V. GAINEY, 380 U.S. 63, 68, 85 S. CT. 754, 758, 13 L. ED. 2D 658 (1965).

IV. ARGUMENT.

THIS CASE REPRESENTS THE VERY FIRST CRIMINAL CASE EVER IN THE HISTORY OF THIS COUNTRY INVOLVING GROTESQUE "UNETHICAL CONDUCT" BY THE GOVERNMENT ATTORNEYS, THE FBI, REAGAN'S AND FISHER'S FORMER DEFENSE ATTORNEYS MURPHY, CARNEY AND RAVKIND, "SIMULTANEOUSLY" REPRESENTED FISHER THE GOVERNMENT AGENT/INFORMANT AND CHIEF WITNESS AND REAGAN (UNBEKNOWN TO REAGAN AND THE PETITIONER). ALSO, RAVKIND'S DUAL "SIMULTANEOUS" LEGAL REPRESENTATION OF KATHY NEALY, THE GOVERNMENT'S OTHER CHIEF AND KEY WITNESS WITH THE GOVERNMENT'S DIRECT KNOWLEDGE AND INVOLVEMENT. ALL OF THE "OVER ZEALOUS" AND "DESPERATE" ACTORS BECAME "STRANGE BED FELLOWS" IN THIS "SCHEME OF DECEPTION" JUST TO GET WRONGFUL CONVICTIONS.

FBI SPECIAL AGENT ALLEN WILSON TESTIFIED UNDER CROSS BY DEFENSE ATTORNEY GREENE ABOUT THE STRANGENESS OF THE GOVERNMENT'S AND FISHER "SCHEME OF DECEPTION" BY STATING IN PART, "FRANKLY, I HAVE NEVER BEEN--MET SOMEBODY THAT WANTED TO COOPERATE WITH US THAT WAS IN THAT POSITION." SEE VOL. 6 PAGE 24 LINES 16-18.

THE PROSECUTION'S CRIMINAL INVESTIGATION AND CHIEF CASE WAS PREDICATED ON A "SCHEME OF DECEPTION" AND INITIATED DURING THE FALL OF 2004 INVOLVING JAMES R. "BILL" FISHER AND NOW DECEASED DALLAS CITY COUNCILMAN JAMES FANTROY. SEE VOL. 4 PAGES 69-71, 83-85; VOL. 35 PAGES 7-10.

JUDGE LYNN DENIED THE DEFENSE ATTORNEYS GREENE'S REPEATED REQUESTS AND EFFORTS TO CROSS EXAMINE FISHER'S CRIMINAL HISTORY, BACKGROUND AND TRUE MOTIVATIONS FOR HIS PERJURED TESTIMONY IN THE PRESENCE OF THE JURORS THAT INCLUDED HIS LONGTIME PERSONAL FRIEND AND BUSINESS ASSOCIATE JOHN CARNEY. THE "ROA" REVEALS FISHER AND CARNEY WERE NO STRANGERS TO THE GOVERNMENT, AS BOTH WERE PROSECUTED, CONVICTED, INCARCERATED, CONVICTIONS VACATED ON APPEAL, RETRIED BY THE GOVERNMENT AND WERE FOUND NOT GUILTY. FISHER AND CARNEY IMMEDIATELY FILED A CIVIL LAWSUIT AGAINST THE GOVERNMENT (FBI/TREASURY DEPT./IRS AND OTHERS) THAT WAS UNDERWAY SIMULTANEOUSLY DURING THE CRIMINAL INVESTIGATION. JUDGE LYNN PRESIDED OVER THE LONG AND PROTRACTED (OVER 7 YRS.) CARNEY FISHER LAWSUIT AGAINST THE GOVERNMENT. SEE U.S.D.C. CASE #3:99-CV-1989-L AND APPEALS CASE #05-10198. ALSO SEE VOL. 6 PAGES 15-16, 10-33; VOL. 22 PAGES 255-261; VOL. 27 PAGE 31 LINE 14. THUS, THE FBI'S CRIMINAL INVESTIGATION WAS INITIATED WITH FISHER BACK IN THE "CROSS HAIRS" WITH THE FBI. THE TRIAL RECORD MAKES IT CLEARLY OBVIOUS THAT CERTAIN MEMBERS OF THE DEFENSE ATTORNEYS WERE NOT AWARE OF MURPHY'S, CARNEY'S AND RAVKIND'S CONFLICTS OF INTERESTS. THE GOVERNMENT AND REAGAN'S TRIAL ATTORNEY STEINKE CERTAINLY HAD RELIABLE EVIDENCE OF THE "CONFLICTS OF INTERESTS." SEE FORMER DEFENSE TEAM MEMBERS KEN CARTER'S AND TIA CHARLES ELLIOT'S SWORN AFFIDAVITS FILED IN REAGAN'S SECTION 2255 CASE.

FBI AGENTS SKILLESTAD, WILSON AND SHERMAN ALL TESTIFIED AS TO THE GOVERNMENT HAVING CONDUCTED DUE DILIGENCE, THOROUGHLY VETTING FISHER AND ADVISING THE FBI EXECUTIVE MANAGEMENT, CHIEF COUNSEL, U.S. ATTORNEYS OFFICES, THE ASSISTANT DIRECTORS, U.S DEPT. OF JUSTICE HEADQUARTERS IN WASHINGTON, D.C. OF FISHER'S CRIMINAL AND CIVIL LITIGATION HISTORY/BACKGROUND THAT INCLUDED DEFENSE ATTORNEYS MURPHY, CARNEY AND RAVKIND INVOLVEMENT AND WAS IN DAILY COMMUNICATIONS WITH SENIOR OFFICIALS AT HEADQUARTERS. SEE VOL. 4 PAGES 51, 58; VOL. 4 PAGES 69-72, 83-85; VOL. 6 PAGES 10-32, 71 LINE 11; VOL. 35 PAGES 8-9, 57.

V. REQUESTED ACTIONS.
THE PETITIONER SUBMITS, THIS MOTION HAS NOT ONLY SATISFIED, BUT EXCEEDED THE FIVE-PART TEST PRUSUANT TO RULE 33 MOTION FOR A NEW TRIAL. THE PETITIONER REQUEST THE COURT GRANT THIS MOTION FOR A NEW TRIAL IN THE "INTEREST OF JUSTICE" TO AVOID A "MANIFEST INJUSTICE" AND A COMPLETE "MISCARRIAGE OF JUSTICE." PARTICULARLY, BASED ON THE OVERWHELMING EVIDENCE REGARDING "UNETHICAL CONDUCT" BY THE GOVERNMENT ATTORNEYS AS OUTLINED IN THIS PETITION THAT SEVERELY PREJUDICED THE PETITIONER, AND COMPLETELY UNDERMINED, COMPROMISED AND TAINTED THE CREDIBILITY AND INTEGRITY OF THE ENTIRE CRIMINAL INVESTIGATION, TRIAL AND POST TRIAL JUDICIAL PROCEEDINGS.

THE PETITIONER ALSO REQUEST, IN THE ALTERNATIVE, A HEARING BE CONVENED SO THE COURT CAN HEAR SWORN TESTIMONY FROM FBI SPECIAL AGENTS THOMAS ENZS, JOHN SKILLESTAD, ALLEN WILSON AND FORMER FBI SPECIAL AGENT DON SHERMAN, FORMER ASUA/LEAD PROSECUTOR AND CASE MANAGER SARAH SALDANA (CURRENT DIRECTOR, U.S. DEPT., ICE), AUSA MARCUS BUSCH, CHAD MEACHAM AND REAGAN'S, FISHER'S AND NEALY'S FORMER DEFENSE ATTORNEYS JOHN CARNEY, WILLIAM RAVKIND, TED STEINKE AND OTHER FORMER DEFENSE ATTORNEYS RAY JACKSON, VICTOR VITAL, DOUGLAS GREENE, CHARLES ALLEN, DARLENE DECKARD, VICTOR SASSO, FORMER DEFENSE TEAM MEMBERS KEN CARTER, TIA CHARLES ELLIOT AND OTHER RELEVANT

WITNESSES (KATHY NEALY). ADDITIONALLY, THE PETITIONER REQUEST THE APPOINTMENT OF COUNSEL TO PROVIDE LEGAL REPRESENTATION DURING THESE PROCEEDINGS.

RESPECTFULLY SUBMITTED AND SIGNED THIS 6 DAY OF ~~JANUARY~~ March 2016 UNDER PENALTY OF PERJURY.

⇔37112-177⇔
Dangelo Lee
Pollock Camp
1000 Airbase RD
PO Box 2099, Dorm 1
Pollock, LA 71467-2099
United States

REG. # 37112-177

CC: MR. DENNIS MCDONOUGH, CHIEF OF STAFF, C/O THE HONORABLE BARACK OBAMA, PRESIDENT, UNITED STATES OF AMERICA
MS. VALERIE JARRETT, SENIOR ADVISER, C/O THE HONORABLE BARACK OBAMA, PRESIDENT, UNITED STATES OF AMERICA
MR. W. NEIL EGGLESTON, WHITE HOUSE GENERAL COUNSEL, C/O THE HONORABLE BARACK OBAMA, PRESIDENT, UNITED STATES OF AMERICA
MR. PATRICK MOORE, WHITE HOUSE DEPUTY ASSOCIATE GENERAL COUNSEL, C/O THE HONORABLE BARACK OBAMA, PRESIDENT, UNITED STATES OF AMERICA
MS. SALLY YATES, DEPUTY ATTORNEY GENERAL, C/O MS. LORETTA LYNCH, U.S. ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE
MS. SONIA K. PFAFFENROTH, CHIEF OF STAFF, C/O MS. LORETTA LYNCH, U.S. ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE
MR. ROBERT KRAMER, II, GENERAL COUNSEL, C/O MS. LORETTA LYNCH, U.S. ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE
THE HONORABLE U.S. CONGRESSIONAL AND U.S. SENATE REPRESENTATIVES
MS. SHIRLEY IFILL, PRESIDENT, NAACP LEGAL FUND, INC.
MR. NORMAN REIMER, EXECUTIVE DIRECTOR, C/O MR. E.G. MORRIS, PRESIDENT, NATIONAL ASSOCIATION OF CRIMINAL DEFENSE LAWYERS
MR. BENJAMIN CRUMP, PRESIDENT/ELECT, NATIONAL BAR ASSOCIATION
MR. MARK GERAGAS, PRESIDENT, NATIONAL TRIAL LAWYERS ASSOCIATION
MR. JOSEPH MARTINEZ, EXECUTIVE DIRECTOR, C/O MR. SAMUEL BASSETT, PRESIDENT, TEXAS CRIMINAL DEFENSE LAWYERS ASSOCIATION
MS. EBONY RIVON, PRESIDENT, J.L. TURNER LEGAL ASSOCIATION
MR. CHRISTOPHER KNOX, PRESIDENT, DALLAS CRIMINAL DEFENSE LAWYERS ASSOCIATION
LOCAL, STATE AND NATIONAL COMMUNITY BASED, CIVIL RIGHTS AND RELIGIOUS ORGANIZATIONS
LOCAL STATE AND NATIONAL NEWS MEDIA ORGANIZATIONS
OTHERS

⇔37112-177⇔
Dangelo Lee
Pollock Camp
1000 Airbase RD
PO Box 2099, Dorm 1
Pollock, LA 71467-2099
United States

SHREVEPORT LA 710
07 MAR 2016 PM 2 L

7E2423 1027 0001

Office of Clerk
United States District Court
For the Northern District of Texas
1100 Commerce St.
Dallas, TX 75242